NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| CHARLES ANDERSON, Plaintiff, v. LOCAL 68 OPERATING ENGINEERS, ESSEX COUNTY PUBLIC WORKS, Defendants. | Civil Action No. 04-3753(JWB) **OPINION** |

**APPEARANCES**:

CHARLES ANDERSON, pro se
171 North Walnut Street
East Orange, New Jersey 07017

McELROY, DEUTSCH, MULVANEY & CARPENTER
By: John T. Coyne, Esquire
1300 Mt. Kemble Avenue
P.O. Box 2075
Morristown, New Jersey 07962-2075
(Attorneys for Defendant)

**BISSELL**, Chief Judge

This matter comes before the Court on defendant's motion to dismiss. In addition, this Court will consider the plaintiff's application for pro bono counsel.

**FACTS and PROCEDURAL HISTORY**

Plaintiff Charles Anderson ("plaintiff") instituted the current suit against Local 68 Operating Engineers ("Local 68") on August 4, 2004.

On August 16, 2004, plaintiff also filed a separate Complaint against Essex County Public Works under civil docket number 04-4167(JWB).  Thereafter, on September 24, 2004, this Court entered an Order granting the plaintiff's application to proceed in forma pauperis and also dismissing the case with prejudice and without costs.  See Charles Anderson v. Essex County Public Works, Civil 04-4167(JWB) (Order, Sept. 24, 2004).

On August 23, 2004, plaintiff filed an application for pro bono counsel in the instant case.  Local 68 filed their Answer to the Complaint on November 30, 2004.  On January 13, 2005, plaintiff filed a second application.

## DISCUSSION

### I. Standard of Law Applied to Motion to Dismiss Pursuant to Fed. R. Civ. P. 12(b)(6)

A court may dismiss a complaint pursuant to Fed. R. Civ. P. 12(b)(6) for failure to state a claim where it appears beyond doubt that no relief could be granted under any set of facts which could be proved consistent with the allegations.  In re Party City Sec. Litig., 147 F. Supp. 2d 282, 297 (D.N.J. 2001) (citing Hartford Fire Ins. Co. v. California, 509 U.S. 764, 811 (1993)); Semerenko v. Cendant Corp., 223 F.3d 165, 173 (3d Cir. 2001).  Granting a motion to dismiss under Fed. R. Civ. P. 12(b)(6) can result in a dismissal at an early stage of a case; therefore, all allegations set forth by a plaintiff must be taken

as true and all reasonable factual inferences must be drawn in his or her favor. (Id., citing Sutton v. United Airlines, Inc., 527 U.S. 471, 475 (1999); Semerenko, 224 F.3d at 173). A complaint may not be dismissed unless it appears beyond doubt that "'the facts alleged in the complaint, even if true, fail to support the claim.'" (Id., quoting In re Warfarin Sodium, 214 F.3d 395, 397 (3d Cir. 2000)).

## II.  The Complaint is Untimely and Must be Dismissed

According to plaintiff's Complaint, the discriminatory acts occurred in January of 2001. (See Compl., ¶ 5). In the Complaint, plaintiff states that he "was moved from the Civil Service List." (Id., ¶ 9). Plaintiff's allegations of employment discrimination against Local 68 are based on racial discrimination. (See id., ¶ 10).

Plaintiff did not file charges with the United States Equal Employment Opportunity Commission ("EEOC") until 2004. (See EEOC Dismissal and Notice of Rights). By letter dated July 23, 2004, the EEOC, after review of plaintiff's submissions, closed its file for the following specified reason: "Your charge was not timely filed with the EEOC. In other words, you waited too long after the date(s) of the alleged discrimination to file your charge." (Id.) Furthermore, according, to the Complaint, plaintiff did not file an administrative claim with the New Jersey Division on Civil Rights ("NJDCR") until August of 2004.

(See Compl., ¶ 6).

Pursuant to Title VII of the Civil Rights Act of 1964, administrative complaints must be filed within 300 days of the alleged discrimination.  (See 42 U.S.C. § 2000e et seq.)  This timely filing is a prerequisite to a civil suit under Title VII.  See, e.g., West v. Philadelphia Electric Co., 45 F.3d 744 (3d Cir. 1995); Oshiver v. Levin, Fishbein, Sedran & Berman, 38 F.3d 1380 (3d Cir. 1994).

In the instant case, the plaintiff alleges the discrimination occurred in January 2001.  Plaintiff, however, did not file this administrative complaints with the EEOC or the NJDCR until 2004.  Hence, plaintiff's Complaint is barred under Title VII's requirement that administrative complaints must be filed within 300 days after the alleged discrimination.  Plaintiff failed to meet this filing requirement.  Therefore, defendant Local 68's motion to dismiss with prejudice will be granted.[1]

---

[1] Because this action is so clearly time-barred, no useful purpose would be served by addressing plaintiff's motion for appointment of pro bono counsel.  Therefore, that motion is also denied.

**CONCLUSION**

For the foregoing reasons, defendant Local 68's motion to dismiss with prejudice is granted and plaintiff's application for pro bono counsel is denied.

```
                        /s/    John W. Bissell
                              JOHN W. BISSELL
                                Chief Judge
                        United States District Court
```

DATED:  May 25, 2005